| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | WESTERN DISTRICT OF TEXAS<br>MIDLAND/ODESSA DIVISION |

| | | |
|---|---|---|
| MIGUEL GUERRERO, ALONSO DE SANTIAGO, ADAN SANDOVAL, JULIO BOCARDO MARTINEZ, JOSE ENRIQUE ZAMORA ESPINOZA, ANTONIO GUERRERO, AND DANIEL SANCHEZ LOPEZ, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § | |
| *Plaintiff(s)*, | § | No. __7:22-cv-00021__ |
| | § § | |
| v. | § § | |
| GLOBAL PIPELINE, LLC. AND VINCENT GARZA | § § § | |
| *Defendant(s)*. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Miguel Guerrero, Alonso De Santiago, Adan Sandoval, Julio Bocardo Martinez, Jose Enrique Zamora Espinoza, Antonio Guerrero, and Daniel Sanchez (collectively referred to as "Plaintiffs") bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Global Pipeline, LLC. (referred to as "Global") and Vincent Garza ("referred to as "Garza") (collectively referred to "Defendants") who were not paid the entirety of their wages, including overtime, during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1.      Plaintiff's claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      Defendants violated the FLSA by employing Plaintiffs and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6.      Plaintiffs bring this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who were paid on an hourly basis during the past three years.

## II. Jurisdiction & Venue

7.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.    Venue is proper in this district and division because Global Pipeline LLC. resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in this district and division. 28 U.S.C. § 1391(b)(1), (2).

### III.  Parties

9.    Miguel Guerrero is an individual who resides in Tarrant County, Texas and who was employed by Defendants during the last three years.

10.    Alonso De Santiago is an individual who resides in Moore County, Texas and who was employed by Defendants during the last three years.

11.    Adan Sandoval is an individual who resides in Ector County, Texas and who was employed by Defendants during the last three years.

12.    Julio Bocardo Martinez is an individual who resides in Maricopa County, Arizona and who was employed by Defendants during the last three years.

13.    Jose Enrique Zamora Espinoza is an individual who resides in Tarrant County, Texas and who was employed by Defendants during the last three years.

14.    Antonio Guerrero is an individual who resides in Tarrant County, Texas and who was employed by Defendants during the last three years.

15.    Daniel Sanchez Lopez is an individual who resides in Palo Pinto County, Texas and who was employed by Defendants during the last three years.

16.    Defendant is a limited liability company that may be served with process by serving its registered agent:

Roy Garcia
2403 N Taylor Rd.
Mission, TX 78572

Alternatively, if the registered agent of Global cannot with reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026

17.     Defendant Vincent Garza is an individual and may be served with process at:

801 Las Brisas Dr.
Mission, TX 78574

18.     Alternatively, Vincent Garza may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code § 17.021 by serving an agent or clerk employed at her office or place of business because this action grows out of or is connected with the business, he transactions in this state.

19.     An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

20.     Global Pipeline is a design, construction, and commissioning oil and gas pipeline provider. See generally, Global Pipeline, http://www.globalpl.net/index.html (last visited February 7, 2022).

21.     Global Pipeline does business in the territorial jurisdiction of this Court.

22.     Defendants employed Plaintiffs from on or about November 3, 2021 until approximately December 3, 2021.

23.     Defendants employed Plaintiffs as laborers.

24.     As laborers, Plaintiffs were responsible for pipeline maintenance and construction.

25.     Garza is a managing member of Global and was also Plaintiffs' employer.

26.     Garza is responsible for Global's pay practices and exercises substantial control over Global's finances and operations. Accordingly, Garza is individually liable for Global's illegal pay practices alleged herein.

27.     Garza implemented Global's pay practices and retain control over those practices. Among other things, Garza had had authority to set rates and methods of paying Global employees, including Plaintiffs.

28.     As managing member, Garza had authority over Global's personnel decisions such as the hiring and firing of Global employees, as well as determining employee work schedules.

29.    During Plaintiffs' employment with Defendants, they were engaged in commerce or in the productions of goods for commerce.

30.    During Plaintiffs' employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

31.    During Plaintiffs' employment with Defendants, the company had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by others.

32.    During Plaintiffs' employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

33.    Defendants paid Plaintiffs on an hourly basis.

34.    Defendants paid Plaintiffs on a weekly basis by check.

35.    During Plaintiffs' employment with Defendants, their regular rates fell below the statutory minimum wage because, among other things, Defendants did not pay them for all hours worked.  29 U.S.C. § 206(a)(1).

36.    Additionally, during Plaintiffs' employment with Defendants, they regularly worked in excess of forty hours per week.

37.    Defendants knew or should have known that Plaintiffs worked in excess of forty hours per week.

38.    Defendants did not pay Plaintiffs the entirety of all the hours including the hours in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

39.    Plaintiffs were not exempt from the maximum hour requirements of the FLSA.

40.    As laborers, Plaintiffs' primary duties were nonexempt.

41.    As laborers, Plaintiffs' primary duties did not include office or nonmanual work.

42.    As laborers, Plaintiffs' primary duties were not directly related to the management or general business operations of Global or its customers.

43.    As laborers, Plaintiffs' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

44.    As laborers, Plaintiffs did not, in performing their primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

45.    As laborers, Plaintiffs were, instead, required to follow Defendants' policies, practices, and procedures.

46.    As laborers, Plaintiffs did not have any independent authority to deviate from Defendants' policies, practices, and procedures.

47.    Defendants knew or should have known that Plaintiffs was not exempt from the maximum hour requirements of the FLSA.

48.    Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

49.    During Plaintiffs employment with Defendants, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

50.     During Plaintiffs' employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

51.     Defendants continued the pay practice(s) complained of by Plaintiffs without investigation after being put on notice that the pay practice(s) violated the FLSA.

52.     Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

53.     Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

54.     Because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

55.     As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for unpaid wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

56.     All laborers paid on an hourly basis employed by Defendants during the last three years are similarly situated to Plaintiffs because they (1) have similar job duties; (2) were not compensated for all of the hours that they work; (3) their regular rates routinely fell below the statutory minimum wage; (4) regularly worked or work in excess of forty hours per week; (5) were not paid the entirety of their hours including overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to

recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

### V.  Count One—Failure To Pay the Minimum Wage in Violation of 29 U.S.C. § 206(a)

57.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

58.     During Plaintiffs' employment with Defendants, they were nonexempt employees.

59.     As nonexempt employees, Defendants were legally obligated to pay Plaintiffs at least $7.25 per hour.  29 U.S.C. § 206(a)(1)(C).

60.     Defendants did not pay Plaintiffs the statutory minimum wage as required by 29 U.S.C. § 206(a)(1)(C).

61.     Instead, Defendants paid Plaintiffs for fewer hours than they actually worked, which caused their regular rates to fall below the statutory minimum wage.

62.     If Defendants classified Plaintiffs as exempt from the minimum wage requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

63.     Defendants knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA.  In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

## VI.  Count Two—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

64.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

65.    During Plaintiffs' employment with Defendants, they were nonexempt employees.

66.    As nonexempt employees, Defendants were legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

67.    Defendants did not pay Plaintiffs the entirely of all their hours including overtime hours "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" as required by 29 U.S.C. § 207(a)(1).

68.    If Defendants classified Plaintiffs as exempt from the maximum hour requirements of the FLSA, they were misclassified.

69.    As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiffs for back wages equal to the difference between what the company should have paid and what it actually paid.

## VII.  Count Three—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

70.    Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

71.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

72.     Defendants failed to maintain accurate time and pay records.

73.     Because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VIII.  Count Four—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

74.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

75.     On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

76.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

77.     Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

78.     Since Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

79.     For these reasons, Plaintiffs' request that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All laborers employed by Global Pipeline, LLC. during the last three years at any location in the United States who were not paid the entirely of their hours including hours worked more than forty hours in any one or more workweeks.

80.     Defendants are liable to Plaintiffs and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

81.     Plaintiffs have retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## IX.  Count Five—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

82.     Plaintiffs adopt by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

83.     Plaintiffs are authorized to recover liquidated damages on their claims by statute. 29 U.S.C. § 216(b).

84.     Plaintiffs are authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

85.     Plaintiffs have retained the professional services of the undersigned attorneys.

86.     Plaintiffs have complied with the conditions precedent to recovering attorney's fees and costs.

87.    Plaintiffs have incurred or may incur attorney's fees and costs in bringing this lawsuit.

88.    The attorney's fees and costs incurred or that may be incurred by Plaintiffs were or are reasonable and necessary.

89.    Defendants are liable to Plaintiffs and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X.  Relief Sought

90.    Plaintiffs demand the following relief:

a.  an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.  judgment awarding Plaintiffs and other laborers all unpaid wages, including overtime compensation, liquidated damages, attorney's fees and costs;

c.  judgment against Defendants in Plaintiffs' favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs;

d.  incentive awards for any class representative(s); and

e.  all other relief and sums that may be adjudged against Defendants in Plaintiffs' favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
    Melissa Moore
    State Bar No. 24013189
    melissa@mooreandassociates.net
    Curt Hesse
    State Bar No. 24065414
    curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**